NO. 04-14-00378-

IN THE

# IN THE COURT OF CRIMINAL APPEALS

AT AUSTIN, TEXAS

ROBERTO GARCIA, JR.,

Appellant,

V.

THE STATE OF TEXAS,

Appellee

# *APPELLANT'S*

# *PETITION FOR DISCRETIONARY REVIEW*

On Appeal from Cause Number <u>13-04-10924-CR</u>

In the District Court, 79th Judicial District of Brooks County, Texas

Honorable Terrell, Judge Presiding

David T. Garcia
721 E. King
Kingsville, Texas 78363
Ph.: (361) 595-4143
Fax: (361) 595-0544
davidtgarcia0881@gmail.com
Texas Bar No: 07631800

**ATTORNEY FOR APPELLANT**

*APPELLANT DOES NOT REQUEST ORAL ARGUMENT*

# I. IDENTITIES OF PARTIES AND COUNSEL

Robert Garcia Jr., Appellant

David T. Garcia, Attorney for Appellant on Appeal
& at Application for Shock Probation Hearing
721 E. King Avenue
Kingsville, Texas 78363
Phone: (361) 595-4142
Fax: (361) 595-0544
Email: davidtgarcia0881@gmail.com

Carlos Omar Garcia, Brooks County District Attorney
Attorney for State of Texas
P.O. Drawer 283
Falfurrias, Texas 78355
Phone: (361) 325-5604
Fax: (361) 325-2993

Alberto Byington III, Assistant District Attorney
Brooks County, Texas
Attorney for State of Texas
P.O. Drawer 283
Falfurrias, Texas 78355
Phone: (361) 325-5604
Fax: (361) 325-2993

Honorable Richard C Terrell, Presiding Judge
79th Judicial District, Brooks County, Texas
100 E. Miller Street
Falfurrias, Texas 78355
Phone: (361) 325-5604
Fax: (361) 325-9803

## II.   TABLE OF CONTENTS                                    Page

I.      Identities of Parties and Counsel                2

II.     Table of Contents                                3

III.    Index of Authorities                             4

IV.     Statement of the Case and Jurisdiction           5, 6

V.      Statement of Procedural History                  6

VI.     Statement Regarding Oral Argument                6

VII.    Argument                                         7, 8, 9

VIII.   Certificate of Compliance                        9

IX.     Conclusion and Prayer for Relief                 9, 10

X.      Certificate of Service                           10

## III. INDEX OF AUTHORITIES

**Cases**

*Blanton v. State, 369 S.W.3d. 894 (Tex.Crim.App.2012)*

*Johnson v. State, 233 S.W.3d. 420 (Tex.App. FT. Worth, 2007, pet.ref)*

*Rivers v. State, 99 99 S.W.3d. 659 (Tex.App. were 2003 no.pet.)*

*Smith v. State, 15 S.W. 3d. 294 (Tex.App.-Dallas no.pet.)*

**Rules**

Tex. Rules App. Proc 39.7 (2014)

Tex. Code of Criminal Procedure 42.12(3) (2014)

Tex. Code of Criminal Procedure 42.12(6) (2014)

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

NOW COMES, ROBERTO GARCIA JR., Appellant in this cause, by and through his attorney of record, DAVID T. GARCIA, and, pursuant to the provisions of TEX.R.APP.PRO. 66, *et seq.*, moves this court to grant discretionary review, and in support will show as follows:

## IV.  STATEMENT OF THE CASE AND JURISDICTION

Appellant did timely perfect his appeal.

This is an appeal of a Denial of Shock Probation and Entering of an Order Nunc Pro Tunc more than 30 days after the entry of judgement in cause number 13-04-10924CR District Court of Brooks County.

On December 4, 2017, Appellant pled guilty to Court 1: Aggravated Assault with a Deadly Weapon and Court II: Engaging in organized crime (RR 15).

On December 4, 2013, the trial court sentenced Defendant to serve 10 years confinement in the Texas Department of Criminal Justice – Institution Division C. The Judgement made no affirmative finding of the use of a Deadly Weapon in the Judgement of Conviction (RR 17).

On February 26, 2014, Appellant filed a timely Motion of Shock Probation (RR 21).

On April 23, 2014, the Trial Court Denied Roberto Garcia's Application for Shock Probation (RR 27).

On April 23, 2014, Appellant filed a timely motion to reconsider Application for shock Probation and Objection to Order Nun Pro Tunc (RR 30).

On May 5, 2014, the Trial Court denied Appellant's Motion to Reconsider Application for Shock Probation and Objection to Order Nun Pro Tunc (RR 31).

On May 13, 2015, the Honorable Fourth Court of Appeals affirmed the Trial Court's judgement in a non-published opinion.

On May 22, 2014, a Notice of Appeal was filed by Appellant (RR 32).

On June 6, 2014, Trial Courts Certification of Defendant's Rights to Appellant was filed (RR 36).

On June 8, 2015, the Court of Appeals affirmed appellant's conviction.

On June 15, 2015, Appellant filed a Motion to Extend Time to File Petition for Discretionary Review.

On August 7, 2015, Appellant filed a Motion to Extend Time to File Petition for Discretionary Review.

## V.    STATEMENT OF PROCEDURAL HISTORY

Appellant presented two issues in his appellate brief. The conviction was affirmed in an opinion *Garcia v. State,* No. 04-1400378-CR (Tex. App.-San Antonio, delivered May 13, 2015) (not designated for publication). Appellant filed a Motion for Rehearing on June 5, 2015. The appellate court again affirmed the conviction. This petition was originally due on July 9, 2015, but on Appellant's Motions, this Court has extended the time to September 8, 2015, and it is therefore timely.

## VI.    STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument. *See* Tex. Rule App. Proc. 39.7 (2014) Appellant believes that the facts and legal arguments are adequately presented in this Brief. However, should this Court determine that its decisional process will be significantly aided by oral argument, Appellant will be happy to present oral argument.

**GROUND FOR REVIEW: THE COURT OF APPEALS ERRED WHEN IT HELD THAT THE PROVISIONS OF TCCP 42.12 SECTION 3GA2 ARE MINISTIRAL IN NATURE AND THAT THE JUDGEMENT OF CONVICTION COULD BE CORRECTED NUN PRO TUNC AFTER THE TRIAL COURT HAS LOST ITS PLENARY POWER TO REFLECT AN AFFIRMATIVE FINDING ON A DEADLY WEAPON WHEN NONE WAS RECITED AT THE TIME OF THE PLEAS.**

## VII.  ARGUMENT

In this case at hand, the Appellant Court had the record of the Trial Court from the date the Plea was entered filed for review. The record is clear that an affirmative finding that a deadly weapon was used in the commission of the crime was never made during the plea. It was not part of the plea bargain nor was it announced or even insinuated throughout the time that the plea was taken. (RR Volume 1 1-15) In addition to this, the Trial Court actually signed a judgement of conviction that stated that a deadly weapon finding was "n/a", which means "not applicable". To allow the Court to enter a judgment Nunc Pro Tunc more than 100 days after the loss of plenary power, just because a Motion for Shock Probation has been made, violates the two step process required by Art. 42.12, as described in *Johnson v. State* 233 S.W.3d. 420 (Court of Appeals of Texas, Fort Worth). In the case at hand, there is absolutely no proof that an affirmative finding that a deadly weapon was used in the commission of the crime was explicitly made or pronounced at the time of the plea on December 23, 2013. (RR Vol. 1 1-15)

Appellant agrees that the purpose of a Nunc Pro Tunc judgement is to provide a Trial Court with the means to correct the record when there is a discrepancy between judgement as pronouncing court and the judgement reflected in the written record. *See* Blanton V. Estate 69 SW 394897-98 (Tex. Crim. 8PP. 2012). For a Nunc

Pro Tunc judgement to be proper, the record must show the judgement has changed was actually rendered at an earlier time, as this vehicle may not be used to change a record to reflect what a Trial Court concludes should have been done. *Id 898.* Therefore, Nunc Pro Tunc judgement may not be used to correct a judicial omission nor involve judicial reasoning; corrections made to the record by Nunc Pro Tunc judgement are limited to clerical errors. *Id.* Therefore, before a judgement Nunc Pro Tunc can be entered, there must be proof the judgement was actually rendered or pronounced at an earlier time. *Smith vs. State* 15 S.W.3d 294, 298 (Tex. App. – Dallas 2000 no pet)

"When an affirmative finding that a deadly weapon was used in the commission of the crime is made, it then becomes a mandatory duty of the Trial Court to enter a separate and specific deadly weapon finding in the judgement." (Texas CRCCP. Art. 42.12) "It is also that 'affirmative finding' as used in the statute governing parole eligibility for offenses involving the use or display of a deadly weapon means and 'expressed determination' by the finding or fact that a deadly weapon was used or exhibited in the commission of the offense or an immediate flight therefrom." *Johnson vs. State* 233 S.W.3d.420 (Court of Appeals of Texas, Fort Worth)". It has also been held that when the Trial Court is the finder of fact, has discretionary whether to make an affirmative finding that a deadly weapon was used in the commission of the crime in the first instance, for purposes of sentencing, even when such a finding would be supported by the evidence. *Id 421.* Therefore, it is clear that where the Trial Court is the trial fact and an affirmative finding that a deadly weapon was used in the commission of the crime must be made either expressly or as a matter of law, it nevertheless retains the discretion NOT to enter the deadly weapon finding in the judgement. *Id 421.*

In *Rivers v. State* 99 S.W.3d 659 (Court of Appeals of Texas, Waco, January 29, 2003), the Court held that the Trial Court "...lacked authority to enter an

affirmative deadly weapon finding in the order revoking defendant's community supervision" on aggravated assault conviction when the initial judgment of probation did not contain it. The same should be true in this case where the Trial Court is attempting to use a Nunc Pro Tunc order after a Motion for Shock Probation was filed to amend the original conviction to add that an affirmative finding that a deadly weapon was used in the commission of the crime.

## VIII.  CERTIFICATE OF COMPLIANCE

This certifies that this document complies with the type-volume limitations because it is computer generated and does not exceed 15,000 words. Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 888 words in the entire document *except* in the following sections: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement and jurisdiction of the case, statement of procedural history, certificate of service and certificate of compliance. This document complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using Microsoft in 14-font. *See* Tex. Rule App. Proc. 9.4 (2014).

## IX.    CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Appellant respectfully prays that this Court grant discretionary review and, after full briefing on the merits, issue an opinion clarifying that a Nunc Pro Tunc order cannot be used to add an affirmative finding to a conviction entered more than 100 days after the plenary power of the Court has rendered it's judgement. We further request that this matter be reversed and remanded to the trial court for consideration of the application of the Motion for Shock Probation timely made.

Respectfully submitted,

DAVID T. GARCIA
721 E. King
KINGSVILLE, TX 78363
Tel: (361) 595-4143
Fax: (361) 595-0544

By:_____
DAVID T. GARCIA
State Bar No. 07631800
davidtgarcia0881@gmail.com
ATTORNEY FOR APPELLANT

## X.    CERTIFICATE OF SERVICE

This is to certify that on Friday, September 4, 2015, a true and correct copy of the above and foregoing document was served upon the following parties by method of fax.

*Via Facsimile: (361) 325-2993*
Carlos Omar Garcia, Brooks County District Attorney
Attorney for State of Texas
P.O. Drawer 283
Falfurrias, Texas 78355
Phone: (361) 325-5604

*Via Facsimile: (361) 325-2993*
Alberto Byington III, Assistant District Attorney
Brooks County, Texas
Attorney for State of Texas
P.O. Drawer 283
Falfurrias, Texas 78355
Phone: (361) 325-5604

By: _____
David T. Garcia, Attorney for ROBERT GARCIA